THE EAST ROME TOWN COMPANY *vs.* BROWER *et al.*

1. Though the by-laws of a corporation invest a certain officer with power to make contracts and execute conveyances, yet where the contract is made directly with the corporation and is registered on its books, any papers executed by the officer to carry the contract into effect are *prima facie* unwarranted, in so far as they depart from the terms agreed upon and so registered.
2. The court erred in not granting a new trial.

March 3, 1888.

Equity. Corporations. Officers. Contracts. Before Judge MADDOX. Floyd superior court. March term, 1887.

Reported in the decision.

JOEL BRANHAM and UNDERWOOD & ROWELL, for plaintiff in error.

C. N. FEATHERSTON and W. W. BROOKES, for defendants.

BLECKLEY, Chief Justice,

The object of the bill in this case was to correct a deed. There was evidence tending to show that in the contract made between the parties, there was a reservation absolute and unqualified as to a certain part of the premises, whereas the deed qualified in a material respect that reservation. The court, in charging the jury and dealing with the case throughout the trial, seemed to consider that the highest evidence of the contract was the deed itself, and the bond for titles in pursuance of which the deed was made. But the evidence proves conclusively that it was the understanding of both parties that the contract should be and was made directly with the corporation, whereas the bond for titles and the deed were simply the acts of officers of the corporation. The corporation records manifested the contract as the complainant contended that it was; and if these records were properly made, they were, in this litigation, the highest and best evidence of what it was. If they were improperly made, or did not speak the truth, they would be reduced from this superior rank. The court, we think, made the mistake of treating the secondary as the primary; like taking the moon for the sun. The bond and deed being executed expressly in pursuance of the resolution of the corporation, could shine with only a reflected light; whereas the court treated them as shining with original, primary light. The fact that the by-laws of the corporation invested the president with certain powers, touching contracting and executing contracts, would not prevent the corporation from exercising like powers, as it is merely a business corporation, and when it acted as principal, the president merely acted as agent in executing its orders. The court erred in not granting a new trial.

Judgment reversed.